IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: EDWARD C. MALLOY,  :  :  Debtor.  : :  : : DEBORAH and EDWARD MALLOY,  :  :  Appellants,  :  :  v.  :  :  J&V DEVELOPERS, INC.,  :  :  Appellee.  : | BANKRUPTCY NO. 14-17727  CIVIL ACTION NO. 19-6004 CIVIL ACTION NO. 19-6006 |

**MEMORANDUM**

**Tucker, J.**                                                                                                                    **May 11, 2022**

Before the Court is (1) the Certificate of Appeal from an Order entered by the Honorable Eric L. Frank, United States Bankruptcy Court Judge for the Eastern District of Pennsylvania (No. 19-6004, ECF No. 1; No. 19-6006, ECF No. 1); (2) Appellants' Joint Brief with Appendix (No. 19-6004, ECF No. 5); (3) Appellant Deborah Malloy's Brief with Appendix (No. 19-6006, ECF No. 4); (4) Appellee's Brief (No. 19-6004, ECF No. 9; No. 19-6006, ECF No. 8); (5) Appellant's Reply Brief (No. 19-6004, ECF No. 10; No. 19-6006, ECF No. 9); (6) Appellant's Motion to Compel Reporting of Serious Judicial Misconduct (No. 19-6004, ECF No. 11; No. 19-6006, ECF No. 10); and (7) the designated record on appeal (No. 19-6004, ECF No. 3; No. 19-6006, ECF No. 2). Upon consideration of the Parties' submissions and exhibits, and the designated record on appeal, the Court **AFFIRMS** the Bankruptcy Court's decision.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

1

As the Court writes primarily for the Parties, it sets forth only those facts relevant to its analysis.

The instant appeals arise from two bankruptcy proceedings and an adversary action related to the latter case: *In re: Edward C. Malloy, Debtor*, Eastern District of Pennsylvania Bankruptcy, No. 14-15464, filed July 7, 2014; *In re: Deborah R. Malloy, Debtor*, Eastern District of Pennsylvania Bankruptcy, No. 14-17727, filed September 25, 2014; and J&V Developers, Inc. v. Malloy, No. 14-687, filed December 19, 2014.

Appellee, J&V Developers, Inc., was a creditor of both debtors and obtained a judgment in the Court of Common Pleas of Delaware County in the amount of $63,486.05, for attorneys' fees and malicious prosecution. As a part of Mrs. Malloy's bankruptcy proceedings under Bankruptcy No. 14-17727, J&V Developers initiated an Adversary Proceeding concerning dischargeability of their claims and willful and malicious injury. On August 10, 2015, the Honorable Eric L. Frank held that J&V Developers met its evidentiary burden of establishing that there were no material issues of fact, and that the debt liquidated in the judgment entered in the Court of Common Pleas, Delaware County, in favor of J&V Developers, Inc. at 08-51847 was nondischargeable pursuant to 11 U.S.C. § 523(a)(6). The Bankruptcy Court entered judgment against Mrs. Malloy, and she and Mr. Malloy appealed that Order to this Court and then to the Third Circuit Court of Appeals (In re: Deborah R. Malloy, Docket # 16- 2767) (the "Third Circuit Case"). The Third Circuit appeal was ultimately dismissed on Appellants' own motion, then this Court remanded the matter to the Bankruptcy Court on August 27, 2019, where the disposition was docketed, again, on December 4, 2019.

In an apparent misunderstanding of the law, Appellants have not sought to re-appeal the Adversary Order, but rather appeal the associated docket entries. On December 16, 2019, the

2

Malloys filed a joint appeal in Docket No. 19-6004 from the Bankruptcy Court's "Disposition of Adversary 2:14-ap-687 Judgment Entered." On December 18, 2019, Mrs. Malloy individually filed a copy of that same bankruptcy appeal in Docket No. 19-6006. The Malloys raise a claim for violation of the Mandate Rule, and request that the Court order the Bankruptcy Court to enter on Docket No. 14-17727 and on Docket No. 2:16-ap-249 ""Disposition of Adversary 2:16-ap-249 Judgment Entered (Related Document: United States Court of Appeals for the Third Circuit Order dated July 29, 2019, No. 16-2767." (19-6006-PBT Document 2-1)" so that the docket reflects their appeals rather than the holding at that time.[1]

## II.   STANDARD OF REVIEW

This Court has jurisdiction over this appeal under 28 U.S.C. § 158(a)(1). A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings." *In re Cohen*, 106 F.3d 52, 55 n.1 (3d Cir. 1997). When reviewing bankruptcy court proceedings, a district court sits as an appellate court. *In re Michael*, 699 F.3d 305, 308 n.2 (3d Cir. 2012); *In re Goody's Family Clothing Inc.*, 610 F.3d 812, 815 (3d Cir. 2010).  A district court must "review the bankruptcy court's legal determinations *de novo,* its factual findings for clear error and its exercise of discretion for abuse thereof." *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005).

## III.   DISCUSSION

The Malloys argue that the docket entry that corresponds to the August 10, 2015 Order should reflect what occurred subsequently in the higher courts, rather than stating what happened in that court. To support their claim, Appellants argue that the Mandate Rule applies, therefore, the wording of the docket entry should come from the events in the higher court. Appellants have

---

[1] For additional factual background, see the Court's related opinion in EDPA Docket No. 19-1581 affirming the Bankruptcy Court's decision in Debtor Edward Malloy's bankruptcy proceeding No. 14-15464.

3

not set forth any basis under the rules for the Court to modify the docket entry, nor have they demonstrated that such a modification is warranted.

Two principles apply in this matter: the "Mandate Rule" and Fed. R. Bankr. Pro. 5003's guidance for docket entries. The "Mandate Rule" binds every court to honor rulings in the case by superior courts. As the Supreme Court has stated, "[i]n its earliest days this Court consistently held that an inferior court has no power or authority to deviate from the mandate issued by an appellate court." *Casey v. Planned Parenthood*, 14 F.3d 848, 856 (3d Cir. 1994) (quoting *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 306, 92 L. Ed. 1403, 68 S. Ct. 1039 (1948)). As for the Bankruptcy Rules' procedural guidance, Fed. R. Bankr. Pro. 5003(a) states that "[t]he clerk shall keep a docket in each case under the Code and shall enter thereon each judgment, order and activity in that case as prescribed by the Director of the Administrative Office of the United States Courts." USC Bankruptcy R 5003.

Appellants appear to believe that because they filed a motion to dismiss in their Third Circuit Case, with a series of unclear arguments including "bankruptcy crimes," "mandatory reporting," and "fraud,"[2] and the court subsequently entered an Order to dismiss the appeal, that it agreed with their arguments. However, there is nothing in the record to suggest that the Third Circuit "agreed" with Appellants—the only conclusion that can be drawn from the July 29, 2019, Order is that the Third Circuit Court ruled in accordance with the requested relief: dismissal of the appeal. There is no expression of the Third Circuit adopting Appellant's argument in its Order; it simply dismissed the matter "pursuant to Fed. R. App. P. 42(b)." *See* Order Dismissing Appeal, 19-6004, ECF 3-1 Page 12. Accordingly, the Third Circuit provided no "mandate" and neither did this Court in remanding this matter to the Bankruptcy Court.

---

[2] Motion to Voluntarily Withdraw Appeals, filed July 8, 2019, 19-6004 ECF 3-1 Page 23.

In this matter, the Clerk adhered to Fed. R. Bankr. Pro. 5003 with the clearly articulated docket entry at issue here. The docket entry states what occurred in this case. Just because Appellants are dissatisfied with this docket entry does not mean it is in violation of the Mandate Rule. Requesting that the Bankruptcy court's docket reflect what occurred in the higher court—events that took place elsewhere, were docketed in the courts in which they took place, are not part of the bankruptcy case, and are public record would make the docket entry violate Fed. R. Bankr. Pro. 5003. Upon careful consideration of the record established here regarding Judge Frank's decision not to alter the docket entry, the Court concludes that Judge Frank relied upon proper factors, considered all factors entitled to substantial weight, and made no clear error of judgment in weighing the correct mix of factors. Thus,there was no abuse of discretion.

Further, the Malloys have engaged in twelve-plus years of litigation stemming from an underlying real estate transaction, and now the Debtor seeks federal intervention for a legal misinterpretation. This pattern of litigation eventually led to Mr. Malloy's five-year suspension from the Pennsylvania Bar, though this did not stop him from attempting to relitigate claims he was barred from litigating in state court in this matter. Appellee's Br. 3, 5-6, 12. Debtor's claims are not colorable, and Judge Frank's decision not to amend the docket entry was within his discretion and without clear error given that there was no "mandate."  Accordingly, the Court affirms the Bankruptcy Court's ruling.

**IV.    CONCLUSION**

For the reasons set forth above, the Court **AFFIRMS** the Bankruptcy Court's decision.